Sneed, J.,
delivered tlie opinion of the court:
The plaintiff is a licensed retailer of spirituous liquors in tlie city of Knoxville, and the defendant is the clerk of the county court of the county of Knox, and collector of the county tax upon privileges. The plaintiff paid to the defendant, under protest, the county tax upon said privileges for the year 1876, and thereupon brought this action before a justice of the peace, to recover the excess in the tax for 1876, over the amount he had been paying for previous years. He complains that to the extent of said increase, the tax is oppressive and unlawful. The justice *52 rendered judgment sustaining the tax, and upon appeal to the criminal court of said county — haying jurisdiction by law of such cases — there was a like result. The agreed case shows that at the April term of the county court, 1876, the court fixed the rate of taxation on privileges and property for county, railroad, and school purposes. The record contains a schedule of the rate, of taxation thus fixed upon property, privileges, and polls, for county, railroad and school purposes. According to said assessment, merchants are required to pay on the capital invested an ad valorem tax for county purposes, -of twenty cents on the one hundred dollars, fifteen cents for railroad purposes, and ten cents for school purposes. Liquor dealers by wholesale, and liquor dealers by retail, are taxed upon the capital invested, as are other merchants, and, in addition, the privilege of retailing spirituous liquors is taxed for county purposes, $150, and a like amount each for railroad and school purposes, making the total amount of the county tax for said privilege, $450. The property tax is fixed, for county purposes, at 35 cents on each one hundred dollars’ worth; for railroad purposes, at ten cents on each one hundred dollars’ worth, and for school purposes, at ten cents on each one hundred dollars’ worth. The privilege of running an omnibus is fixed at four dollars for the county tax, one dollar for the railroad tax, and one dollar for the school tax. The plaintiff rests his case on the proper construction of a statute, which is in these words: “The county courts of the respective counties of this state shall not levy any higher pro rata rate of taxes on any species of property, privilege, or poll, than on any other which is taxed by the laws of the state, but the percentage of [such levy], as compared with the state tax, shall be equal and uniform; and that the taxes assessed for county purposes shall not exceed the rate of tax provided by this act.” Acts 1869-70, ch. 81, sec. 9, Code 491 [T. & S. Code, sec. 491 d; Shannon’s Code, sec. 652.] The *53 legislature lias tlie power, under the constitution, to authorize tlie counties and incorporated towns of this state to impose taxes for county and corporation purposes, respectively, in such manner as shall he prescribed by law; and all property shall be taxed according to its value, upon the principle established in regard to the state taxation. Const, art. 2, sec. 20. The preceding section of the same article provides that all property, real, personal, and mixed, shall be taxed; that all property shall be taxed according to its value, the value to be ascertained in such manner as the legislaure shall direct, so that taxes shall be equal and uniform throughout the state; no one species of property from which a tax shall be collected shall be taxed higher than any other species of property of the same value, but the legislature shall have power to tax merchants, peddlers, and privileges in such manner as they may, from time to time, direct. Const., art. 2, sec. 28. The legislature has, in obedience to this authority, delegated to t-he county "courts the authority to levy and collect taxes for county purposes, and among these for school and railroad purposes. Code, secs. 970, 1150 [Shannon’s Code, sees. 1894, 1549]. It is clear then that the law which governs the levy and collection of taxes is in the discretion of the legislature, and having such discretion, it was clearly competent for the legislature to impose upon the county courts the restrictions contained in the statute on which thei plaintiff relies in this case. It will be seen that the statute in question provides for absolute equality and uniformity in the rate of taxes upon, all manner of privileges, so that the percentage of the same, as compared with the state tax, shall be equal and uniform. It is said, in the case of Adams v. M. & A. of Somerville, 2 Head, 363, that there was good reason for vesting in the legislature discretionary power in the taxation of privileges upon a different principle from that which regulates the taxation of property, because it Avas not- intended as a source of revenue merely. *54 It was also designed as a means of imposing restraints upon the exercise of certain privileges whose tendencies were of a nature to encourage vice and disorder, or were contrary to public policy. 2 Head, 367. The statute now under consideration was not in force at the time of the adjudication of the case referred to'. By this statute, the legislature has required the county courts to ignore all moral distinctions between the several privileges created by it, and has placed them all upon the same footing, demanding for each an absolute equality and uniformity in taxation — and its authorityRo do so, cannot be, for a moment, questioned; for, as we have already seen, it has an absolute and unqualified discretion to tax privileges in such manner as it may from time to time direct. It might abrogate entirely the privilege of retailing spirituous liquors, or it might tax it to such an extent, or discriminate against it in such a manner, as to amount to a prohibition of its exercise; but it has not chosen to do so, but by the act in question, it has required of the county courts to< classify it among the most favored of the avocations which are declared to be privileges, and the county courts are prohibited from any discriminations against it. There is no doubt but that the county court could lawfully assess a tax upon every privilege as large as the state tax upon each respective privilege, but in the percentage of its assessments, as compared with the state tax, it must, under this statute, observe the principio of equality, uniformity, and the slightest discrimination against either will be unlawful and oppressive. Hor is it a task of much difficulty to make such an assessment upon privileges upon the principle established by the statute, when the amount of revenue is ascertained and determined.
We are of opinion, that, according to the schedule exhibited in this case, the county court has discriminated unlawfully against the plaintiff to the amount complained of, *55 and the judgment of the court must be reversed, and a judgment rendered here in favor of the plaintiff.